**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ARCHIE CABELLO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-24-CV-116-FM** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Archie Cabello, Federal Prisoner Number 73097-065, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-1. He challenges "the legality of [his] detention." *Id*. at 10. Cabello contends the Government improperly threatened to prosecute his retained counsel and caused him to withdraw from the case. *Id*. Cabello argues the trial court's failure to hold a mandatory evidentiary hearing on his retained counsel's alleged conflict of interest rendered the entire criminal proceedings against him void due to a loss of jurisdiction. *Id*. at 9. Cabello asks the Court to vacate his convictions and dismiss the indictment. *Id*. at 23. But Cabello is not entitled to § 2241 relief for the following reasons.

## BACKGROUND

Cabello is a 76-year-old federal prisoner serving a 240-month sentence for conspiring to defraud the United States, possessing stolen bank funds, making false statements on credit applications, filing a false income tax return, and conspiring to launder money. *United States v. Cabello*, 3:10-CR-482 (D. Ore.), Am. J. Crim. Case 1–3, ECF No. 270. He is currently incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 90739-380) (last visited Apr. 25, 2024). His projected release date is March 11, 2028. *Id*. His place of confinement is in El Paso County, Texas,

which is within the jurisdiction of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(3).

According to the Government's trial brief, Cabello worked for an armored car company, Dunbar Federal Armored Express, Inc., in Milwaukee, Wisconsin. *United States v. Cabello*, 3:10-CR-482 (D. Ore.), Gov't's Trial Mem. 15, ECF No. 116. He drove an armored vehicle and distributed currency throughout Milwaukee. *Id*. On August 4, 1995, he arranged for his wife to drive the family car alongside his armored car as he tossed a bag containing $157,839 in cash into the open window. *Id*. On July 13, 1998, he staged a second larceny with the assistance of his son and obtained an additional $730,000 in cash. *Id*. at 17.

In 1999, Cabello moved to Portland, Oregon. *Id*. He used a false name and deposited the remaining money in a private safety deposit box in Bellevue, Washington. *Id*. He made false statements about his source and amount of income and obtained credit cards. *Id*. at 18. He periodically took money from the safety deposit box, purchased money orders, and paid his credit card bills. *Id*. He avoided scrutiny by never making large purchases. *Id*.

In March 2005, Cabello was hired by an armored car company, Oregon Armored Services, in Portland. *Id*. On December 6, 2005, he staged another larceny with the assistance of his son. *Id*. at 20. He stole two plastic bags which contained a total of $3 million in cash. *Id*. He then failed to report the stolen cash as income on his 2005 federal tax return. *Id*. at 22.

Cabello was indicted in the United States District Court for the District of Oregon. *Cabello v. United States*, No. 3:10-CR-00482-JO-01, 2017 WL 706616, at *1 (D. Or. Feb. 21, 2017). He was charged in 51 counts with conspiring to commit bank larceny, possessing stolen bank funds, and making false statements on credit applications (count one); bank larceny (count two);

possessing stolen bank funds (count three); making false statements on credit applications (counts four through fourteen); filing a false income tax return (count fifteen); concealing the proceeds of a crime (counts sixteen through fifty); and conspiring to launder money (count fifty-one). *Id*.

On the morning of his jury trial, Cabello appeared *pro se* with his standby counsel and filed a petition to plead guilty to some of the counts in the indictment—a common practice in Oregon. *Cabello*, 3:10-CR-482 (D. Ore.), Petition to Enter Plea of Guilty, ECF No. 148. He did not enter into a plea agreement with the Government.

The district court accepted Cabello's pleas and sentenced him to serve concurrent sentences of 60 months' imprisonment on count one; 120 months' imprisonment on count three; 240 months' imprisonment on counts four, nine, eleven and twelve; 36 months' imprisonment on count fifteen; and 240 months' imprisonment on count fifty-one. *Id*., Am. J. Crim. Case 3, ECF No. 270. It also ordered him to pay $3,755,000 in restitution. *Id*. at 6.

Cabello claimed in his direct appeal "that he did not validly waive his right to counsel." *United States v. Cabello*, 599 F. App'x 761, 761 (9th Cir. 2015).

The Ninth Circuit Court of Appeals found that "Cabello's waiver of his right to counsel was knowing and intelligent. *See Faretta v. California*, 422 U.S. 806, 835 … (1975). Although the district court's September 17, 2012, *Faretta* hearing was not comprehensive, the record demonstrates that by the time Cabello waived his right to counsel on November 15, 2012, after pleading guilty, he understood '1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation.'" *Id.* at 761 (quoting *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2008)). The Ninth Circuit indicated it was aware "Cabello argued before the district court that he should be permitted to withdraw his plea because … the

plea resulted from confusion, duress and the lack of competent counsel." *Id.* at 761–62 (quotation marks omitted). But it found Cabello provided "no basis for [it] to conclude that the district court did not exercise its discretion appropriately." *Id.* at 762. So, it concluded that "it was clear that there was a factual basis for Cabello's plea [and] any [Federal Rule of Criminal Procedure] 11(b)(3) error did not affect [his] substantial rights and [did] not warrant vacatur of his convictions." *Id.*

Cabello's petition for writ of certiorari to the Supreme Court was denied. *Cabello v. United States*, 577 U.S. 912 (2015).

Cabello questioned the legality of his plea in a motion to vacate under 28 U.S.C. § 2255. *United States v. Cabello*, 3:10-CR-482 (D. Ore.), Mot. to Vacate 10–17, ECF No. 287. He asserted "the plea was fraudulent because it lacked adequate factual basis, he was coerced to plead guilty, and the plea colloquy contained irregularities." *Cabello v. United States*, No. 3:10-CR-00482-JO-01, 2017 WL 706616, at *5 (D. Or. Feb. 21, 2017).

The district court found "[i]n essence, these [were] the same arguments he made in his direct appeal to the Ninth Circuit." *Id.* It determined his claims were barred because "a court is ordinarily precluded from reexamining an issue decided by the same court, or a higher court, in the same case." *Id.* (citing *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012)).

The Ninth Circuit denied Cabello's request for a certificate of appealability because he failed to make a "substantial showing of the denial of a constitutional right." *United States v. Cabello*, No. 17-35224, 2017 WL 4125002, at *1 (9th Cir. June 30, 2017) (quoting 28 U.S.C. § 2253(c)(2)); *see also Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

4

In his instant petition, Cabello claims the Government threatened to prosecute his defense counsel if his law firm continued to represent him. Pet'r's Pet., ECF No. 1-1 at 9. He maintains the Government's threats had a chilling effect on his retained counsel, who chose ultimately to withdraw from his case. *Id*. He argues the district court's failure to hold a mandatory evidentiary hearing on whether his retained counsel had a conflict of interest rendered the entire proceedings void due to a loss of jurisdiction. *Id*. He asks the Court to vacate his conviction and dismiss the underlying indictment. *Id*. at 23.

## APPLICABLE LAW

As a preliminary matter, a reviewing court must determine whether the petitioner properly raised a claim in a § 2241 petition. If the reviewing court finds "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; *see* R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition ...").

### A.   28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

### B.   28 U.S.C. § 2255

By contrast, a motion attacking a federal sentence pursuant to 28 U.S.C. § 2255 "'provides

the primary means of collateral attack on a federal sentence.'" *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. *Cox,* 911 F.2d at 1114 (5th Cir. 1990); *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). And a § 2255 movant may only bring his motion in the district of conviction and sentence. *Pack*, 218 F.3d at 452.

### C.   Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). He may raise his claims in a § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

In *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), the Supreme Court noted § 2255(h) strictly limited second or successive § 2255 motions to those that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Jones*, 143 S. Ct. at 1867 (quoting 28 U.S.C. § 2255(h)). It then explained as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim

in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 1869.

When a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## ANALYSIS

Cabello asks the Court to vacate his conviction and dismiss his indictment because the Government forced his retained counsel to withdraw from his case and the district court never conducted a hearing on whether his retained counsel had a conflict of interest. Pet'r's Pet., ECF No. 1-1 at 9, 23. Consequently, his petition attacks purported errors which occurred before the date of his scheduled trial.

As the Court noted above, a § 2255 motion—not a § 2241 petition—"provides the primary means of collateral attack on a federal sentence." *Pack*, 218 F.3d at 451. Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention. 28 U.S.C. § 2255(e). But a § 2255 motion is deemed adequate unless the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Jones*, 143 S. Ct. at 1863.

Cabello does not present newly discovered evidence to support his claim of actual innocence. Indeed, he claimed "that he did not validly waive his right to counsel" in his direct appeal. *Cabello*, 599 F. App'x at 761. His claim was rejected after the Ninth Circuit found that his "waiver of his right to counsel was knowing and intelligent [and] he understood 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-

representation." *Id.* He asserted "the plea was fraudulent because it lacked adequate factual basis, he was coerced to plead guilty, and the plea colloquy contained irregularities" in his § 2255 motion to vacate. *Cabello*, 2017 WL 706616, at *5. His claim was rejected because the trial court found "[i]n essence, these [were] the same arguments he made in his direct appeal to the Ninth Circuit." *Id.* His request for a certificate of appealability was subsequently denied because he failed to make a "substantial showing of the denial of a constitutional right." *Cabello*, 2017 WL 4125002, at *1. Furthermore, Cabello does not identify a new rule of constitutional law retroactively applicable to his case. His inability to meet either of § 2255(h)'s second or successive' requirements means that he cannot bring his claim under § 2241. *Jones*, 143 S. Ct. at 1869.

## CONCLUSION AND ORDERS

The Court concludes Cabello cannot satisfy either prong of the stringent § 2255(e) savings clause test. Hence, it concludes he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of § 2255 and he is not entitled to § 2241 relief. The Court accordingly enters the following orders:

**IT IS ORDERED** that that Archie Cabello's *pro se* "Petition for a Writ of Habeas Corpus Section 2241 Challenging the Validity of Petitioner's Detention Pursuant to Constitutional Violations" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Archie Cabello's petition may be construed as a second or successive motion under 28 U.S.C. § 2255 submitted without the approval of a circuit court of appeals, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

8

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this 8th day of May 2024.


_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**